**FILED**
CLERK, U.S. DISTRICT COURT
11/22/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TYLER MISHAEL GREEN,<br>RICHARD MAURICE GREEN,<br>DAJAE LIONEL GERMANY, and<br>MARLIN DWAYNE ALDANA,<br><br>　　　　Defendants. | CR 21-355(A)-JAK<br><br>**FIRST**<br>**SUPERSEDING**<br>**INDICTMENT**<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this First Superseding Indictment:

1.　The Bancorp Bank ("Bancorp"), Comerica Bank ("Comerica"), Sutton Bank ("Sutton"), and Wells Fargo Bank, National Association ("Wells Fargo") were financial institutions insured by the Federal Deposit Insurance Corporation.

2.  Navy Federal Credit Union ("NFCU") was a credit union with accounts insured by the National Credit Union Share Insurance Fund.

3.  Company A was a pawn shop located in Lancaster, California.

4.  Company A received electronic payment transfers into a Comerica checking account.

5.  Company B was a pawnshop located in Lancaster, California.

B.  THE OBJECT OF THE CONSPIRACY

Beginning no later than on or about March 12, 2021, and continuing until on or about August 24, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendants TYLER MISHAEL GREEN, RICHARD MAURICE GREEN, DAJAE LIONEL GERMANY, and MARLIN DWAYNE ALDANA conspired with others known and unknown to the Grand Jury to commit bank fraud, in violation of Title 18, United States Code, Section 1344(1).

C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was carried out, and to be carried out, as follows:

1.  Defendants TYLER GREEN, RICHARD GREEN, and GERMANY, and others known and unknown to the Grand Jury, would purchase, and attempt to purchase, jewelry from Company A.

2.  Knowing they had insufficient funds in their associated accounts, and knowing that the transactions would be cleared through Company A's payment processing service, defendants TYLER GREEN, RICHARD GREEN, and GERMANY, and others known and unknown to the Grand Jury, would pay for the purchases using debit and stored-value cards issued in their names and the names of others by Bancorp, NFCU, Sutton, and Wells Fargo. In doing so, defendants TYLER GREEN,

RICHARD GREEN, and GERMANY, and others known and unknown to the Grand Jury, would falsely represent to Bancorp, NFCU, Sutton, and Wells Fargo that they had sufficient funds to pay for the items purchased, and cause, and attempt to cause, those financial institutions to credit Company A's Comerica checking account for the purchases.  In addition, in doing so, defendants TYLER GREEN, RICHARD GREEN, and GERMANY, and others known and unknown to the Grand Jury, would falsely represent to Comerica that they had sufficient funds to pay for the items purchased, and cause Comerica to credit Company A's Comerica checking account for the purchases.

3.   Defendants TYLER GREEN, RICHARD GREEN, GERMANY, and ALDANA and others known and unknown to the Grand Jury, would pawn jewelry fraudulently purchased from Company A in exchange for cash, including from Company A and Company B.

4.   As a result of this conspiracy, Bancorp, Comerica, NFCU, Sutton, and Wells Fargo were defrauded.

5.   Through the means described above, defendants TYLER GREEN, RICHARD GREEN, and GERMANY, and others known and unknown to the Grand Jury, purchased at least $18,070,219.47 worth of jewelry from Company A.

D.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants TYLER GREEN, RICHARD GREEN, GERMANY, and ALDANA, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about March 30, 2021, defendant GERMANY purchased, and attempted to purchase, a Cuban bracelet, two Rolex bracelets, and four Rolex chains from Company A for $14,475.

Overt Act No. 2:   On or about March 30, 2021, defendant GERMANY paid Company A $14,475 using a NFCU debit card in his name, knowing that the account associated with the debit card did not have sufficient funds to satisfy the purchase.

Overt Act No. 3:   On or about April 19, 2021, defendant TYLER GREEN purchased, and attempted to purchase, a ring from Company A for $219,000.

Overt Act No. 4:   On or about April 19, 2021, defendant TYLER GREEN paid Company A $219,000 using a Wells Fargo debit card in the name of RICHARD GREEN, knowing that the account associated with the debit card did not have sufficient funds to satisfy the purchase.

Overt Act No. 5:   On or about April 27, 2021, defendants TYLER GREEN and RICHARD GREEN purchased, and attempted to purchase, 15 pieces of assorted jewelry from Company A for $19,913.12.

Overt Act No. 6:   On or about April 27, 2021, defendants TYLER GREEN and RICHARD GREEN paid Company A $3,000 using a Wells Fargo debit card in the name of A.C., knowing that the account associated with the debit card did not have sufficient funds to satisfy the purchase.

Overt Act No. 7:   On or about April 27, 2021, defendant RICHARD GREEN purchased, and attempted to purchase, a bracelet from Company A for $42,550.

Overt Act No. 8:   On or about April 27, 2021, defendant RICHARD GREEN paid Company A $968,636, including $42,550 for the bracelet, using a Wells Fargo debit card in the name of A.C., knowing

4

that the account associated with the debit card did not have sufficient funds to satisfy the purchase.

Overt Act No. 9:   On or about August 12, 2021, defendant ALDANA, at the direction of defendant TYLER GREEN, pawned nine rings that defendant TYLER GREEN had fraudulently purchased from Company A in exchange for cash from Company B.

Overt Act No. 10:   On or about August 24, 2021, defendant ALDANA, at the direction of defendant TYLER GREEN, attempted to pawn two pieces of jewelry that defendant TYLER GREEN had fraudulently purchased from Company A in exchange for cash from Company B.

COUNT TWO

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[DEFENDANTS TYLER GREEN AND RICHARD GREEN]

On or about April 27, 2021, in Los Angeles County, within the Central District of California, defendants TYLER MISHAEL GREEN and RICHARD MAURICE GREEN, each aiding and abetting the other, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendants TYLER GREEN and RICHARD GREEN knew belonged to another person, namely, the name and debit card number of A.C., during and in relation to the offense of Conspiracy to Commit Bank Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this First Superseding Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One and Two of this First Superseding Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to such offense;

        i. Miscellaneous jewelry, currency, and personal items seized on or about July 23, 2021, from defendant RICHARD MAURICE GREEN's residence in Rancho Cucamonga, California, pursuant to a federal search warrant, consisting of:

            (I) $3,222.25 in U.S. Currency;

            (II) 10 pieces of assorted jewelry;

            (III) 1 watch; and

            (IV) 1 currency counter.

        ii. 2 pieces of assorted jewelry seized on or about July 23, 2021, from defendant TYLER MISHAEL GREEN's residence in Lancaster, California, pursuant to a federal search warrant.

        iii. 22 pieces of assorted jewelry and a gold pendant seized from defendant DAJAE GERMANY's residence in Palmdale,

7

California, on or about July 23, 2021, pursuant to a federal search warrant.

    iv. Miscellaneous jewelry seized on or about August 9, 2021, from Company A, a pawn shop located in Lancaster, California, consisting of:

      (I) 23 pieces of assorted jewelry; and

      (II) 2 watches.

    v. Miscellaneous jewelry, currency, and personal items seized on or about August 24, 2021, during a vehicle stop of a Tesla-model vehicle by deputies of the Los Angeles Sheriff's Department, consisting of:

      (I) $99,185.00 in U.S. Currency;

      (II) 73 pieces of assorted jewelry;

      (III) 4 watches;

      (IV) 2 diamond testing devices; and

      (V) 1 digital scale.

    vi. 2 pieces of assorted jewelry seized on or about August 24, 2021, from M.A. by deputies of the Los Angeles Sheriff's Department in Lancaster, California.

  (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

  3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a)

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                             A TRUE BILL

                                             /S/
                                             Foreperson

E. MARTIN ESTRADA
United States Attorney

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Chief, International Narcotics,
  Money Laundering, and
  Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
  Narcotics, Money Laundering,
  and Racketeering Section

KEITH D. ELLISON
Assistant United States Attorneys
International Narcotics, Money
  Laundering, and Racketeering
  Section